## James Dooley, Appellee, v. Chicago City Railway Company, Appellant.

## Gen. No. 15,975.

1. VERDICTS—*when set aside as against the evidence.*    A verdict which is against the clear preponderance of the evidence will for that reason be set aside on review.

2. EVIDENCE—*as to what expert testimony competent.*    Opinions of experts may properly be received as to the character of an injury disclosed by an X-ray sciagraph.

Action in case for personal injuries.    Appeal from the Superior Court of Cook county; the HON. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed.    Opinion filed December 13, 1911.

JOHN E. KEHOE and WATSON J. FERRY, for appellant.

JAMES C. McSHANE, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This appeal is prosecuted to reverse a judgment for $2,000, entered upon the verdict of a jury in the Superior Court, in an action in case to recover damages for personal injuries alleged to have been sustained by appellee through the negligence of appellant in violently and suddenly starting a car, while appellee was in the act of alighting therefrom. The first count of the declaration charges that the car had come to a stop and was thereafter negligently started forward without warning to appellee; and the additional count charges that, when the car had about reached the intersection of 51st and Halsted streets, its speed was greatly reduced for the purpose of receiving and discharging passengers, so that it was moving very slowly at said intersection, and while it was so moving, appellee, desiring to alight, got upon the lower step of the car preparatory to alighting, when said car was negligently started forward suddenly and without warning, etc.

The only grounds argued for a reversal of the judgment are, that the verdict is against the manifest weight of the evidence, and that the trial court erred in admission of certain incompetent evidence.

It is uncontroverted that appellee was a passenger on one of appellant's north-bound cars on Halsted street, and that he was injured while attempting to alight therefrom south of the intersection of Halsted and 51st streets. A preponderance of the evidence tends to show that the car came to a complete stop at that point for the purpose of receiving or discharging passengers, and in conformity to a rule requiring a car to stop at the intersection of two streets, in each of which cars were operated.

Appellee testified that, just after the car crossed 52nd street, he signified his intention to the conductor to alight at 51st street, and that, as the car slowed up in approaching that street, he went on to the rear

platform; that he grasped the rail on the body of the car with his left hand, placed his right foot on the lower step and his left foot in the act of alighting, when the car started and he was thrown to the ground and injured; that he thought the conductor was on the rear platform at the time.

Several witnesses, called on behalf of appellee, testified that they saw him standing with one foot on the lower step in the position to alight, when the car came to a stop, and that, just as he was in the act of alighting, the car moved forward suddenly and he fell to the ground. Other witnesses, on behalf of appellee, testified that they saw him in the like position on the car; that when the car had almost come to a stop, and appellee was about to alight, it suddenly moved forward and appellee fell. On behalf of appellant, the evidence tended to show that, after the car had stopped, appellee left his seat and started for the rear platform, at the same time calling, "51st street;" that when he reached the platform and attempted to alight, the car had proceeded forward a distance of from ten to thirty feet from the point where it stopped, and was moving at the speed usually maintained in crossing street intersections. A preponderance of the evidence tends to show that appellee fell at a point in the street where the car usually stopped to receive and discharge passengers, thus corroborating the testimony of appellee's witnesses and discrediting the witnesses called for appellant. There is some contrariety in the evidence as to whether appellee, at the time he fell, had his left or right foot on the lower step, and whether he was looking north or east or northeast, and whether other passengers, and if so, how many, alighted from the car at the time it stopped, but the conflict in respect to these particulars is not of substantial significance. We are fully persuaded that the verdict of the jury is not against the clear preponderance of the evidence upon the vital issues involved.

It is urged that the court improperly permitted certain witnesses, called by appellee as experts, to state their opinions, based upon their knowledge and observation, as to the character of the injury disclosed by the X-Ray sciagraph of appellee's hip. The same objection to like evidence was involved in Judejko v. C. C. Ry. Co., *ante,* p. 140, and was held to be untenable. We are content to abide the conclusion there announced.

There is no error in the record and the judgment is affirmed.

*Judgment affirmed.*